UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

PATRICIA WHARWOOD and RICHARD CONCEPCION,

        **Plaintiffs,**

        v.

**WELLS FARGO BANK N.A., FEDERAL HOUSING FINANCE AGENCY and MICHAEL RUSSELL A/K/A "JOHN DOE"**

        **Defendants.**

Civil Action No.:
2:19-CV-16590-WJM-ESK

**OPINION**

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* plaintiffs Patricia Wharwood and Richard Concepcion[1] ("Plaintiffs") bring this action against defendants Federal Housing Finance Agency ("FHFA") and Wells Fargo Bank, N.A. ("Wells Fargo" and, together with FHFA, the "Defendants").[2] This matter comes before the Court on both FHFA and Wells Fargo's separate motions to dismiss. ECF Nos. 33, 37. For the reasons set forth below, the motions are **GRANTED**.

**I.    BACKGROUND**

The facts and procedural history of this case were set forth in detail in the Court's July 1, 2020 opinion granting the Defendants' motions to dismiss the Complaint, without prejudice (the "July 1, 2020 Opinion"), ECF No. 26, familiarity with which is assumed.[3]

In the July 1, 2020 Opinion, the Court dismissed the Complaint as against each Defendant without prejudice. With respect to Plaintiffs' claims against FHFA, the Court found that (1) any claims against FHFA in its official capacity as a federal agency were barred by the doctrine of sovereign immunity, July 1, 2020 Op. at 12-13; and (2) Plaintiffs failed to state any claims against FHFA in its capacity as conservator or receiver because the Complaint referenced causes of action that do not exist, failed to adequately identify which laws FHFA allegedly violated, and did not "at all identify how FHFA [was]

---

[1] Wharwood appears to be the owner of the property that was the subject of the foreclosure action, and Conception was a tenant. (*See* ECF No. 1-5).

[2] Plaintiffs identify Wells Fargo's Chief Financial Officer in the caption of the Amended Complaint, but it appears that all allegations in the body of the Amended Complaint are against Wells Fargo.

[3] On July 28, 2020, this case was reassigned from the Honorable Esther Salas to me.

connected to the underlying dispute." *Id.* at 14. Similarly, with respect to Plaintiffs' claims against Wells Fargo, the Court found that (1) each of Wharwood's claims against Wells Fargo were barred by application of the *Rooker-Feldman* doctrine, *id.* at 6-10; and (2) Plaintiffs' (including Conception) failed to state any claims against Wells Fargo because they referenced causes of action that do not exist, failed to adequately identify which laws Wells Fargo allegedly violated, and made mere conclusory statements without sufficient factual allegations "to allow the Court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Id.* at 14 (quotations omitted) (alterations in original).

Following the issuance of the July 1, 2020 Opinion and accompanying Order, on July 22, 2019 the Plaintiffs filed an amended complaint (the "Amended Complaint"). ECF No. 29. The Amended Complaint is largely identical to the Complaint, with the exception of certain corrected typographical errors, slight differences in paragraph enumeration, and minor alterations in word choice. The only apparent substantive difference between the Complaint and the Amended Complaint is the inclusion in the latter of a new Count Four titled as a "Demand to Recover the Mortgage Note."[4] Each of the previously dismissed counts from the Complaint remains, almost entirely unchanged, in the Amended Complaint.

Before the Court now are the motions to dismiss the Amended Complaint filed by Wells Fargo and FHFA. In support thereof, both Wells Fargo and FHFA rely on substantially identical arguments as in their motions to dismiss the Complaint, and the prior conclusions reached by the Court in the July 1, 2020 Opinion. Plaintiffs have failed, for the second time, to submit a timely response to either motion (and still have not submitted any response at all).

## II.     LEGAL STANDARD

FRCP 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted.  The movant bears the burden of showing that no claim has been stated.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  In deciding a motion to dismiss under FRCP 12(b)(6), "all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The court need not accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[4] The insertion of this new Count Four appears to have resulted in an error by Plaintiffs in numbering most of the remaining Counts of the Amended Complaint. The Amended Complaint lists two separate "Count Fives" – one for "Action to Quiet Title" and another for "Action to Revive the Equity of Redemption" – the latter of which was also identified as Count Five of the Complaint. The Court will refer to these claims as Counts 5-1 and 5-2, respectively.

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*[5]

## III.  DISCUSSION

Defendants each move to dismiss the counts asserted against them in the Amended Complaint on substantially the same grounds as their prior motions to dismiss the initial Complaint. Plaintiffs, for the second time, have made no effort to substantively respond to Defendants' arguments, and, in fact, have failed to file any response to the instant motions at all. At the outset, the Court notes that it sees little need to revisit its conclusions rendered in this case on identical claims only four months ago. That being said, in resolving the instant motions, the Court will address the claims against each of the Defendants in turn.

### A.  Dismissal of Claims Against Wells Fargo

As with their initial motion to dismiss the Complaint, Wells Fargo argues that dismissal of the claims asserted against it is proper under the application of various abstention, jurisdictional, and preclusive doctrines, and because Plaintiffs have failed to state any cognizable claims against it. The Court agrees.

#### 1.  *Rooker-Feldman* Doctrine

As the Court noted in its July 1, 2020 Opinion, pursuant to the *Rooker-Feldman* doctrine, the Court does not have jurisdiction over the claims asserted by Plaintiff Wharwood against Wells Fargo. The *Rooker-Feldman* doctrine recognizes that federal district courts are "empowered to exercise original, not appellate, jurisdiction" and, therefore, have no authority to effectively review the final judgments of state courts through subsequent federal suits brought by the state-court losers. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine applies where "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries

---

[5] Wells Fargo also moves to dismiss the Amended Complaint for lack of subject matter jurisdiction under FRCP 12(b)(1). For purposes of this Opinion, the differences between FRCP 12(b)(1) and FRCP 12(b)(6) are immaterial because the Court has access to, and may properly consider, all of the facts necessary to determine its own jurisdiction as well as the sufficiency of Plaintiffs' allegations. These facts arise out of the allegations in the Amended Complaint as well as all indisputably authentic documents and public records relied upon therein, including the relevant sheriff's deed, the decisions of the New Jersey state courts allowing Wells Fargo to foreclose on the disputed property and ordering Wharwood to turn possession of the property over to Wells Fargo, and all publicly available state court pleadings with respect thereto. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

3

caused by the state court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgment." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d. Cir. 2010).

Here, the first and third elements of the *Rooker-Feldman* analysis remain easily satisfied: there is no question that Wharwood lost in the state court in the Foreclosure Action prior to the commencement of this case on August 12, 2019 both when (1) the New Jersey state court first entered a final judgment and writ of execution in favor of Wells Fargo on January 6, 2014; and (2) the New Jersey state court subsequently denied each of Wharwood's various motions to stay the sheriff's sale of the property or vacate the final judgment, the last of which was decided on April 29, 2019.

Similarly, the second and fourth elements of the *Rooker-Feldman* doctrine are satisfied because it remains clear that the source of Wharwood's injuries are the state court judgments themselves and the rights they entitled Wells Fargo to exercise. As noted in the July 1, 2020 Opinion, Counts One, Two, and Three all directly challenge the validity of the foreclosure judgment and the writ allowing Wells Fargo to take possession of Plaintiffs' home by seeking "immediate possession," Am. Compl. ¶ 34, "immediate ejectment" of the Defendants, *id.* ¶ 36, and for Wells Fargo to "immediately vacate" the foreclosed property and pay monetary damages, *id.* ¶ 39. These unchanged Counts in the Amended Complaint still do nothing more than seek to circumvent the state court's foreclosure judgment and subsequent denials of Wharwood's various motions to vacate such judgment and stay the sheriff's sale. *See Willoughby v. Zucker, Goldberg & Ackerman, LLC*, NO. 13-7062, 2014 WL 2711177, at *4 (D.N.J. June 16, 2014). Accordingly, the Court has no jurisdiction to hear these claims, and they must be dismissed.

The remaining Counts in the Amended Complaint fare no better. With respect to Wharwood's claim for "Quiet Title" (Count Five-1) it appears that Wharwood alleges that Wells Fargo was not a proper plaintiff in the Foreclosure Action and that Wells Fargo's purchase of the property at the sheriff's sale amounted to some sort of "fraudulent conveyance" that adversely effected Wharwood's alleged right of redemption. Likewise, Wharwood's claim for an "Action to Revive the Equity of Redemption" (Count Five-2) appears to allege that the state court's foreclosure judgment was "illegal and inequitable" because Wells Fargo had no right to collect on the mortgage debt and the judgment interfered with Wharwood's alleged right of redemption. At bottom, these are collateral attacks on the findings and conclusions of the state court in the Foreclosure Action: Wells Fargo was properly substituted as a plaintiff in the Foreclosure Action by the state court, and the state courts have finally determined that the foreclosure judgment was properly entered. This Court has no jurisdiction to second guess or reject those determinations.

Finally, Wharwood's "new" claim in Count Four of the Amended Complaint titled "Demand to Recover the Mortgage Note" is similarly barred. First, as with the previous fourth count of the initial Complaint, Count Four of the Amended Complaint alleges that Wells Fargo "wrongfully used the judicial foreclosure process" to "steal [Plaintiffs']

4

home." The Court has already held that this allegation is "essentially an attack on the state court's judgment of foreclosure" and "would require the review and reversal of the earlier state court judgment." July 1, 2020 Op. at 9-10; *see also Gage v. Wells Fargo Bank, N.A.*, 521 F. App'x 49, 50-51 (3d Cir. 2013). Moreover, as with both Counts Five-1 and Five-2, the allegation that the foreclosure judgment was itself illegal and that Court "must revive the equity of redemption" is nothing more than a request that this Court effectively reverse and vacate the judgments of the state courts.

Accordingly, each of Plaintiff Wharwood's claims against Wells Fargo must be dismissed as barred by the *Rooker-Feldman* doctrine.

### 2. Failure to State a Claim Against Wells Fargo

Plaintiff Concepcion's claims against Wells Fargo fare no better. Though the application of the *Rooker-Feldman* doctrine may not bar Concepcion's claims because he was not an active litigant in the state court action, the Complaint simply fails to state any plausible claim upon which relief can be granted. The Court has already determined that Counts One, Two, Three, Five-1, and Five-2 against Wells Fargo, which remain largely unchanged in the Amended Complaint, fail to identify cognizable causes of action or violations of specific laws, and "are riddled with 'mere conclusory statements' insufficient to state a claim." July 1, 2020 Op. at 14 (quoting *Iqbal*, 556 U.S. at 678). Plaintiff's new Count Four is similarly deficient. Its reference to a "Demand to Recover the Mortgage Note" is not a recognized cause of action and Plaintiff's allegations in support thereof are unclear and comprised of conclusory statements that the foreclosure judgment was somehow illegal. Accordingly, the Amended Complaint 'fails to state any claims against Wells Fargo upon which relief can be granted, and all such claims must therefore be dismissed.

### B. Dismissal of Claims Against FHFA

As in their initial motion to dismiss, FHFA argues, among other things, that the claims against them are barred under principles of sovereign immunity and that the Amended Complaint fails to state claims against FHFA upon which relief can be granted. The Court agrees.

To the extent Plaintiffs' claims are against FHFA in its official capacity as a federal agency, the Court has already determined that sovereign immunity bars Plaintiffs' claims. The Court sees no reason to disturb that ruling. Accordingly, any claim brought against FHFA in its official capacity must be dismissed.

Similarly, any claims asserted against FHFA in any other capacity, such as its capacity as conservator or receiver, must also be dismissed because the Amended Complaint fails to state a claim upon which relief can be granted. Count Six of the Amended Complaint – the only Count against FHFA – is substantively identical to that alleged, and dismissed, in the initial Complaint. There are no allegations connecting FHFA to the underlying dispute and there is no reference to any recognized cause of action against FHFA or violation of any specific law by FHFA. In other words, Count Six fails to correct

the deficiencies that led to its dismissal in the original Complaint and must therefore be dismissed once again for those same reasons.

### C. Prejudice

Both Defendants ask this Court to dismiss Plaintiffs' claims with prejudice. Dismissal of claims with prejudice is appropriate where further amendment of the complaint would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Here, the Court finds that further amendment of the Complaint would be futile. Wharwood's claims against Wells Fargo and both Plaintiffs' claims against FHFA in its official capacity are barred by the *Rooker-Feldman* doctrine and sovereign immunity, respectively, and there is no set of facts Plaintiffs could allege that would cure these deficiencies. In addition, as with their initial Complaint, Plaintiffs have again failed to state a single claim upon which relief can be grant or support their asserted claims with anything more than mere conclusory statements. The Amended Complaint is nearly identical to the previously dismissed Complaint, and Plaintiffs have either failed or declined to respond to any of the arguments made by Defendants in their motions to dismiss. Thus, Plaintiffs had "ample opportunity to elaborate on [their] claims" and, having failed to do so, dismissal with prejudice is warranted. *Jackson v. Division of Developmental Disabilities*, 394 F. App'x 950, 952 (3d Cir. 2010); *Missouri v. Amazon.com, Inc.*¸ No. 19-13525 RMB/JS), 2020 WL 6281646, at *4 (D.N.J. Oct. 27. 2020).

### IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED**. An appropriate order follows.

*/s/ William J. Martini*

**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 10, 2020**